

**SIGNED this 16th day of September, 2008.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOE REQUEJO, JR., and IMELDA | § | CASE NO. 08-11454-CAG |
| NAVARRO REQUEJO, | § | |
| Debtors. | § | Chapter 13 |

**ORDER RESETTING CREDITORS' MEETING AND CONFIRMATION HEARING
AND EXTENDING DEADLINES FOR FILING CLAIMS
AND DISCHARGEABILITY COMPLAINTS**

On this date came on to be considered the Motion to Reset Creditors' Meeting (the "Motion") filed on behalf of the Debtors in the above-styled and numbered Chapter 13 bankruptcy case.

The Court's Standing Order for Case Administration for Austin Division, signed November 15, 2000, provides, in relevant part, that

> [m]otions to continue [creditor meetings] should not be filed. The counsel or pro se debtor may ask the Trustee to call and then continue the meeting at its regularly scheduled time. Only if the Trustee disagrees should a motion for continuance be filed.

This Court agrees with and adopts the procedure outlined in the Standing Order, as modified

herein.

In most cases, where the need for continuance arises shortly before the meeting, the above procedure is workable and appropriate. In this case, however, cause for continuing the creditors' meeting is known to exist long before the scheduled meeting on September 17, 2008. In such cases, filing a motion and obtaining an order continuing the meeting is advisable in order to prevent unnecessary and avoidable appearances by parties in interest at the original meeting.

However, because in this Division the Chapter 13 Trustee and not the Court sets the creditors meetings in Chapter 13 cases, that portion of the procedure described in the Standing Order requiring that the Chapter 13 Trustee be consulted is advisable regardless of how long before the meeting the continuance is sought and whether or not a motion is filed. The Court further finds, if a motion is filed, (a) and if the Trustee agrees with the continuance, that the movant should either submit with it an agreed order with the reset dates and times established by the Trustee, and the extended deadlines calculated from the reset meeting date, or include in the motion a certificate of conference indicating the Trustee's agreement and the dates and times she provides, or (b) if she does not agree, that the motion should so indicate and an order with blanks for the dates and times of the reset meeting and hearing and general provisions for extensions of 90 days for proofs of claim and 60 days for dischargeability complaints should be submitted with the motion.

. The Court finds in this case that cause for a continuance exists and that therefore the motion should be granted. Because the movants have not provided dates and times obtained from the Trustee, however, the Court finds that Debtors' counsel should obtain from the Trustee dates and times for the reset creditors' meeting and the reset confirmation hearing, and should file and serve a notice of that reset meeting and hearing and of the extended deadlines calculated as set forth below, on all parties in interest in the case.

IT IS, THEREFORE, ORDERED that:

1. the creditors' meeting and the hearing on confirmation of the Debtors' Chapter 13 plan shall be reset to dates and times to be determined by the Chapter 13 Trustee and noticed by the Debtors through their counsel as provided below;

2. the deadline for non-governmental units to file proofs of claim is extended to 90 days from the date of the reset creditors' meeting; and

3. the deadline for filing a complaint to determine dischargeability of a debt is extended to the date 60 days from the date of the reset creditors' meeting.

IT IS FURTHER ORDERED that Debtors, through their counsel, shall (1) request of the Trustee dates and times for the reset meeting and the reset confirmation hearing, (2) be responsible for mailing notice[1] of the reset creditors' meeting and reset confirmation hearing and the extended deadlines calculated as set forth above,[2] to all creditors and parties in interest in this case, including all persons filing notices of appearance herein, within two (2) days after receipt of the dates and times from the Trustee, and (3) file a copy of such notice with a certificate of service to indicate compliance with this provision.

IT IS FURTHER ORDERED that as soon as practicable, the Clerk shall serve a copy and/or notice of the entry of this Order to the Debtors, their counsel, the Trustee and the Office of the United States Trustee.

# # #

orders\continue chap 13 341 no info from trustee.wpd

---

[1] The notice should be titled "Notice of Reset Creditors' Meeting and Confirmation Hearing and Extended Deadlines for Filing Proofs of Claim and Dischargeability Complaints."

[2] The notice should provide dates certain for the deadlines, calculated by extending the current deadlines the number of days provided in this order.